UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMAD ALI FARHANGFAR,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK, Field Office Director,<br>U.S. Immigration and Customs Enforcement,<br><br>Respondent. | CASE NO. C08-1578-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

On December 5, 2008, petitioner Mohammad Ali Farhangfar, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement. (Dkt. 14). On January 15, 2009, however, respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus as Moot, along with documentation indicating that petitioner was removed to Canada on January 12, 2009, and that petitioner's habeas petition has become moot and should be dismissed. (Dkts. 26 and 27).

The Court agrees with respondent that petitioner's habeas petition has become moot and should be dismissed. For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because

REPORT AND RECOMMENDATION
PAGE – 1

petitioner has been removed and is no longer detained by ICE, the Court finds that petitioner's request for release from detention should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 21st day of January, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2